**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Connie ARMSTRONG, Jr., Defendant–Appellant.**

No. 00–10399.

D.C. No. CR–94–00276–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM \*\*

Connie Armstrong, Jr. appeals his 108–month sentence imposed by the district court at resentencing for his conviction on multiple counts of inducing others to travel in interstate commerce as a part of a scheme to defraud in violation of 18 U.S.C. § 2314 and wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the district court's interpretation and application of the Sentencing Guidelines de novo, and its factual findings regarding the calculation of loss for clear error. *United States v. West Coast Aluminum Heat Treating Co.* 265 F.3d 986, 990 (9th Cir.2001). We affirm.

Armstrong first contends that the district court miscalculated the amount of loss upon which it based a 17–level upward adjustment to his sentence pursuant to U.S.S.G. § 2F1.1(b)(1)(R). Based on the evidence before it, the district court did not clearly err by finding that the amount of loss to Armstrong's victims exceeded $40 million. *See id.* at 991–92 (stating the court need only make a reasonable estimate of the loss, given the available information).

Armstrong further contends that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) by failing to submit the amount of loss to the jury. Because Armstrong's 108–month sentence was less than the statutory maximum, we find this contention unavailing. *See* 18 U.S.C. § 2314

---

(prescribing a maximum sentence of ten years); *West Coast Aluminum Heat Treating Co.,* 265 F.3d at 994.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.